UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

STEVEN EUGENE TURNER,

      Petitioner,

v.                                  Case No.  4:16cv43/MW/CJK

SECRETARY, DEPTMENT OF
CORRECTIONS,

      Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner, represented by counsel, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254.  (Doc. 1).  Respondent moves to dismiss the petition as untimely, providing relevant portions of the state court record.   (Doc. 6). Petitioner has responded in opposition to the motion.  (Doc. 8).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).   After careful consideration, the undersigned concludes that no evidentiary hearing is required for the disposition of this matter.  Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts.  The undersigned further concludes that the

pleadings and attachments before the court show that the petition is untimely and should be dismissed.

BACKGROUND AND PROCEDURAL HISTORY

On May 20, 2009, petitioner was found guilty by jury verdict of lewd or lascivious molestation of C.B., a child less than 16 years of age (Count I); and lewd or lascivious conduct with C.B. (Count II) in Gadsden County Circuit Court Case No. 08-CF-404.  (Doc. 6, Ex. D).[1]  Petitioner was adjudicated guilty and sentenced to fifteen years imprisonment on Count I followed by a consecutive term of 15 years sex offender probation on Count II.  (Ex. H).  Judgment was rendered June 23, 2009.  (Ex. K).  In 2010, a corrected judgment and sentence was entered reflecting the striking of certain surcharges and costs.  (Exs. P, Q).  The Florida First District Court of Appeal (First DCA) affirmed the judgment on June 17, 2011, per curiam and without a written opinion.  *Turner v. State*, 63 So. 3d 758 (Fla. 1st DCA 2011) (Table) (copy at Ex. V).

On September 2, 2011, petitioner filed a counseled motion for reduction of sentence under Florida Rule of Criminal Procedure 3.800(c).  (Ex. W).  The state circuit court denied the motion on October 31, 2011.  (Ex. X).

---

[1] All references to exhibits are to those provided at Doc. 6, unless otherwise noted.

On September 12, 2012, petitioner filed a counseled motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. (Ex. Y). The state circuit court denied the motion on June 4, 2014, after an evidentiary hearing. (Exs. BB, CC). The First DCA per curiam affirmed without a written opinion. *Turner v. State*, 178 So. 3d 404 (Fla. 1st DCA 2015) (Table) (copy at Ex. HH). The mandate issued December 22, 2015. (*Id*.). Petitioner filed his counseled federal habeas petition thirty-four days later, on January 25, 2016. (Doc. 1).

## DISCUSSION

Because petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA governs this petition. *Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997). The AEDPA establishes a 1-year period of limitation for a state prisoner to file a federal application for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of:

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1).  The limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending".  28 U.S.C. § 2244(d)(2).

Petitioner has not asserted that a State-created impediment to his filing a federal habeas petition existed, that he bases his claims on a right newly recognized by the United States Supreme Court, or that the facts supporting his claims could not have been discovered through the exercise of due diligence before his conviction became final.  Accordingly, the statute of limitations is measured from the remaining trigger, which is the date on which petitioner's conviction became final.  *See* 28 U.S.C. § 2244(d)(1).  The parties appear to agree on this point, and contend that the timeliness of the petition under § 2244(d)(1)(A) turns on whether petitioner's Rule 3.800(c) motion qualifies for statutory tolling under § 2244(d)(2).  (Doc. 6, pp. 5-8; Doc. 8, p. 1 n.2 ("[T]he dispositive issue in the instant case is whether a rule 3.800(c)

motion is a 'properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment.'")).

Respondent argues that a Rule 3.800(c) motion does not qualify for statutory tolling under § 2244(d)(2).  (Doc. 6, pp. 5-7).  Respondent relies on *Alexander v. Sec'y, Dep't of Corr.*, 523 F.3d 1291, 1297 (11th Cir. 2008), and *Baker v. McNeil*, 439 F. App'x 786, 787-89 (11th Cir. Aug. 17, 2011) (*Baker II*) (*distinguishing Wall v. Kholi*, 562 U.S. 545, 131 S. Ct. 1278, 179 L. Ed. 2d 252 (2011), and confirming the continued validity of *Alexander, supra*).  Petitioner responds that pursuant to *Kholi*, a Florida Rule 3.800(c) is an application for "collateral review" that triggers the AEDPA's tolling provision, and that this court should not follow *Alexander* or *Baker II*, for reasons discussed below.  (Doc. 8, pp. 1-12).  After careful consideration, the undersigned is not persuaded that *Alexander* and *Baker II* should be ignored.

In *Alexander*, the Eleventh Circuit held that a Florida prisoner's Fla. R. Crim. P. 3.800(c) motion was a request to reduce a legal sentence based on mercy or leniency and did not constitute an "application for State post-conviction or other collateral review with respect to the pertinent judgment" under § 2244(d)(2). *Alexander*, 523 F.3d at 1297.  In *Baker v. McNeil*, 369 F. App'x 997 (11th Cir. 2010)

(*Baker I*), the court, relying on *Alexander*, held that a prisoner's Rule 3.800(c) motions did not qualify as tolling motions under § 2244(d)(2).

One year after the Eleventh Circuit decided *Baker I*, the Supreme Court issued its decision in *Kholi*. In *Kholi*, the Court resolved the question of "whether a motion for reduction of sentence under Rhode Island's Rule 35 is an 'application for State post-conviction or other collateral review'" within the meaning of § 2244(d)(2). 562 U.S. at 551. The Court determined that the answer to the question turned on the meaning of the phrase "collateral review", *id*., which the Court then defined as "a judicial reexamination of a judgment or claim in a proceeding outside of the direct review process." *Id*. at 553. Applying that definition to a Rule 35 motion to reduce sentence under Rhode Island law, the Court held that such motion was an "application for State . . . collateral review", because it was not part of the direct review process, *id*. at 555, and because several factors led the Court to conclude that it "undoubtedly calls for 'review' of the sentence." *Id*. at 555-556.

Days after deciding *Kholi*, the Supreme Court granted certiorari in *Baker I*, vacated the Eleventh Circuit's judgment, and remanded the case for "further consideration" in light of *Kholi*. *Baker v. Buss*, 562 U.S. 1282, 131 S. Ct. 1715, 179 L. Ed. 2d 611 (2011). On remand, the Eleventh Circuit distinguished *Kholi*, reaffirmed its earlier holding in *Baker I* and, at its conclusion, stated: "Accordingly,

*we reinstate our previous opinion* and affirm the district court's order denying Baker

federal habeas relief." *Baker v. McNeil*, 439 F. App'x 786, 787-789 (11th Cir. Aug.

17, 2011) (*Baker II*) (emphasis added).  The Supreme Court denied certiorari from

*Baker II.  See Baker v. Tucker*, — U.S. —, 132 S. Ct. 1633, 182 L. Ed. 2d 236 (2012).

Petitioner argues that *Baker II* is not binding precedent because it is an

unpublished decision, and that this court should analyze the issue anew.  Although

unpublished decisions such as *Baker II* are not binding on this court, they are

persuasive authority (particularly apropos where the decision was rendered on

remand with directions from the Supreme Court), and this court has consistently

followed *Baker II* and *Alexander.  See King v. Jones*, No. 3:15cv98/LC/EMT, 2016

WL 3369262, at *4 n.4 (N.D. Fla. June 2, 2016) (citing cases from five district judges

of this court who have followed *Alexander* and *Baker II*), *report and

recommendation adopted by* 2016 WL 3360500 (N.D. Fla. June 16, 2016).  The two

other federal district courts in Florida likewise follow *Alexander* and *Baker II.  See,

e.g., Lewis v. Sec'y, Dep't of Corr.*, No. 6:15-cv-1328-Orl-37DAB, 2016 WL

3571016, at *2 (M.D. Fla. July 1, 2016) (unreported decision), *appeal docketed*, No,

16-15543 (11th Cir. Aug. 17, 2016); *Kidd v. Jones*, No. 15-22588-Civ-GAYLES,

2016 WL 3627330, at *2 (S.D. Fla. May 9, 2016), *report and recommendation

adopted by* 2016 WL 3544615 (S.D. Fla. June 29, 2016) (unreported decision).

Thus, although *Baker II* is not binding precedent, it is persuasive authority, in fact, the **only** post-*Kholi* decision from the Eleventh Circuit directly on point.

Petitioner urges the court to adopt the analysis of a federal magistrate judge in Montana who analyzed a Montana rule providing for sentence review and, in so doing, commented on *Baker II*.  (Doc. 8, pp. 12-14 (*discussing Rogers v. Ferriter*, No. CV 12-13-BU-DLC, 2013 WL 3990693, at *6 n.5 (D. Mont. Aug. 2, 2013), *reversed and remanded*, 796 F.3d 1009 (9th Cir. 2015))).[2]  The magistrate judge's report and recommendation in *Rogers* is unpersuasive for several reasons.  First, the Montana district court is not a court from this Circuit.   Second, although the magistrate judge in a footnote questioned the "correct[ness]" of the *Baker II* analysis on some "points", *Rogers*, 2013 WL 3990693, at *6 n.5, he ultimately assumed that the Eleventh Circuit was correct on those points, acknowledged that there may be a reasonable basis for distinguishing a motion in Florida under Rule 3.800(c) from a motion in Rhode Island under Rule 35 (the motion at issue in *Kholi*), and distinguished Montana's rule from Florida's rule.  *Rogers*, 2013 WL 3990693, at *6-*7.

---

[2] Petitioner attributes the relevant comments to Chief United States District Judge Dana Christensen.  (Doc. 8, p. 13).  The comments are actually those of United State Magistrate Judge Jeremiah Lynch.   District Judge Christensen adopted Magistrate Lynch's report and recommendation.

Third, the undersigned disagrees with the remark in a *Rogers* footnote that

subsequent decisions in the Eleventh Circuit "appear to doubt" the correctness of

*Baker II*.  For this proposition, the magistrate judge cites *Penney v. Sec'y, Fla. Dep't*

*of Corr.*, 707 F.3d 1289, 1241 (11th Cir. 2013), and *Hutchinson v. Florida*, 677 F.3d

1097, 1098 (11th Cir. 2012).  *See Rogers*, 2013 WL 3990693, at *6 n.5.  The *Penney*

opinion expressed no doubt about *Baker II* – it did not even mention the case.  The

Eleventh Circuit in *Penney* stated:

> Four years ago, we held in *Alexander v. Secretary, Department of Corrections* that a Florida inmate's post-conviction motion filed pursuant to Florida Rule of Criminal Procedure 3.800(c) does not constitute a motion for "post-conviction or other collateral review" within the meaning of § 2244(d)(2).  523 F.3d 1291, 1297 (11th Cir. 2008).  This appeal invites us to consider whether the United States Supreme Court's decision in *Wall v. Kholi*, ⸺ U.S. ⸺, 131 S. Ct. 1278, 179 L. Ed. 2d 252 (2011), abrogated our holding in *Alexander* and effectively renders a Rule 3.800(c) motion a tolling event for the purposes of § 2244(d)(2).  But we need not reach that question.

707 F.3d 1241.  The court in *Penney* went on to hold that the petitioner's Rule

3.800(c) motion did not toll the limitations period because it was dismissed by the

state court as untimely and, thus, not "properly filed" within the meaning of §

2244(d)(2).  *Id.*[3]

---

[3] The *Penney* opinion was later vacated and remanded to the district court for dismissal of the habeas petition as moot due to Mr. Penney's death prior to the opinion becoming final.

As for *Hutchinson*, that opinion cited *Alexander* for the proposition that:  "In order for that § 2244(d)(2) statutory tolling to apply, the petitioner must file his state collateral petition before the one-year period for filing his federal habeas petition has run.".  *Hutchinson*, 677 F.3d at 1098.  In citing *Alexander*, the Eleventh Circuit described *Alexander's* subsequent history as "*abrogated on other grounds by Wall v. Kholi*, ⸺ U.S. ⸺, 131 S. Ct. 1278, 179 L. Ed. 2d 252 (2011)".  *Hutchinson*, 677 F.3d at 1098.  The magistrate judge in *Rogers* characterizes this citation as the Eleventh Circuit "noting that *Kholi* abrogated the circuit's prior precedent, *Alexander* . . .", and as "appear[ing] to doubt" the correctness of *Baker II*.  *Rogers*, 2013 WL 3990693, at *6 and n.5.  This reads too much into the citation.

As a final note on *Rogers*, the district court's order (which adopted the magistrate judge's report and recommendation) was ultimately reversed by the Ninth Circuit, albeit on other grounds.  In light of all of the foregoing, the undersigned concludes that *Alexander*, *Baker II*, and the prior decisions of this court are more persuasive authority than *Rogers*.

Petitioner's remaining point is that in a 2011 unpublished decision, the Eleventh Circuit mentioned in a footnote that its decision "assum[ed] without deciding that *Kholi* abrogated *Alexander*. . . ."  *George v. Sec'y, Fla. Dep't of Corr.*, 438 F. App'x 752 n.3 (11th Cir. July 27, 2011).  This does not persuade the

undersigned that the court should ignore *Baker II*, especially since *George* pre-dated *Baker II*.

Following *Alexander* and *Baker II*, the court concludes that petitioner's Rule 3.800(c) motion does not constitute a motion for "post-conviction or other collateral review" within the meaning of § 2244(d)(2), and did not toll the AEDPA's one-year limitations period.  Without the tolling benefit of that motion, petitioner's habeas petition is untimely, because even giving him the benefit of statutory tolling for his Rule 3.850 motion for postconviction relief, his federal habeas petition was filed outside the one-year limitations period.  Petitioner does not argue he is entitled to equitable tolling or any exception to the limitations bar.  Petitioner's failure to timely file his federal habeas petition requires dismissal of this case.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), Rules Governing Section 2254 Cases.

The petitioner in this case fails to make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining the meaning of this term) (citation omitted).  Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Rule 11(a), Rules Governing Section 2254 Cases.  If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1.  That respondent's motion to dismiss (doc. 6) be GRANTED.

2.  That the petition for writ of habeas corpus (doc. 1), challenging petitioner's judgment of conviction and sentence in *State of Florida v. Steven Eugene Turner*, Gadsden County Circuit Court Case No. 08-CF-404, be DISMISSED WITH PREJUDICE.

3.  That the clerk be directed to close the file.

4.  That a certificate of appealability be DENIED.

At Pensacola, Florida this 8th day of September, 2016.


**CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE**

*/s/ Charles J. Kahn, Jr.*


<u>NOTICE TO THE PARTIES</u>

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.   A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.