UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

STEVEN EUGENE TURNER,

    *Petitioner,*

v.                                CASE NO. 4:16-cv-00043-MW-CJK

SECRETARY DEPARTMENT OF CORRECTIONS,

    *Respondent.*

_____/

## ORDER ACCEPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATION

This Court has considered, without hearing, the Magistrate Judge's Report and Recommendation, ECF No. 9, and has also reviewed *de novo* Petitioner's objections to the report and recommendation, ECF No. 10. For the reasons which follow, the Report and Recommendation is accepted in part and rejected in part.

On June 17, 2011, the First DCA affirmed petitioner's judgment and sentence, and he did not seek certiorari in the U.S. Supreme Court. His conviction thus became final when the 90 days to do so ended on September 15, 2011. In the meantime, prior to September 15, 2011, petitioner filed a motion under Fla. R. Crim. P. 3.800(c) which remained pending until October 31, 2011. After that, nothing that potentially tolled the one-year federal time

limit was filed until September 12, 2012.  On that date, 362 days of the one-year limit had expired if the Rule 3.800(c) motion did not toll the one-year time limit; 316 days would have expired if the Rule 3.800(c) motion tolled the one-year limit.

On September 12, 2012, petitioner filed a motion under Fla. R. Crim. P. 3.850, which the circuit court denied.  Petitioner filed a timely appeal of that denial, and the First DCA issued its mandate affirming the denial on December 22, 2015.  The filing of the mandate re-started the running of the one-year time limit. Petitioner filed the instant petition under 28 U.S.C. § 2254 on January 25, 2016.  That is 33 days after December 22, 2015.

Thus, if the Rule 3.800(c) motion from 2011 did not toll the one-year time limit then 362+33 = 392 days would have passed before the federal petition was filed, and the petition would be untimely.  If the Rule 3.800(c) motion tolled the one-year limit, then 316+33=349 days had passed, and the petition is timely.  The resolution of ECF No. 6, respondent's motion to dismiss, turns, therefore, on whether a properly filed motion under Fla. R. Crim. P. 3.800(c) tolls the one-year time limit under 28 U.S.C. § 2244(d)(2).

The Magistrate Judge correctly notes that the Eleventh Circuit, in an unpublished and thus non-binding opinion, continues to hold that a motion under Rule 3.800(c) does not toll the one-year time limit.  <u>Baker v. McNeil</u>, 439 Fed Appx. 786, 789 (11th Cir. 2011)(<u>Baker II</u>).  Additionally, as noted by

*Case No: 4:16-cv-00043-MW-CJK*

Judge Collier in King v. Jones,[1] five district judges of the Northern District of Florida have followed Alexander and Baker II, including the undersigned. Rogers v. Secretary, Dept. of Corrections, Case No. 4:14cv62/MW/GRJ, 2015 WL 3407439 (May 26, 2015).  It should be noted, however, that after the undersigned denied a certificate of appealability in Rogers, the Eleventh Circuit granted a certificate of appealability on the following sole issue:

> whether the District Court correctly dismissed Mr. Rogers's § 2254 petition as untimely based on its determination that Mr. Rogers's Fla. R. Crim. P. 3.800(c) motion was not a tolling motion under 28 U.S.C. § 2244(d)(2).

Rogers, 4:14cv62/MW/GRJ at ECF No. 28 (Dec. 23, 2015).  The appeal is set for oral argument the week of December 12, 2016.  Eleventh Circuit Case No. 15-12880, order entered Sept. 1, 2016.

The Court agrees with the Magistrate Judge that because the Northern District, including the undersigned, has applied the rule from Baker II, the Court should do so now. Therefore, the portion of the Report and Recommendation recommending that the petition be denied as untimely is accepted.  The Court declines to accept the portion of the Report and Recommendation recommending the denial of a certificate of appealability, however.

---

[1] Case No. 3:15cv98/LC/EMT, 2016 WL 3369262, at *4 n.4 (N.D. Fla. June 2, 2016), report and recommendation adopted by 2016 WL 3360500 (N.D. Fla. June 16, 2016).

*Case No: 4:16-cv-00043-MW-CJK*

Rule 11 of the Rules Governing § 2254 Cases requires a district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." See Miller-El v. Cockrell, 537 U.S. 322, 335-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000); Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983); see also Williams v. Taylor, 529 U.S. 362, 402-13 (2000) (setting out the standards applicable to a § 2254 petition on the merits). As the Court said in Slack:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under Barefoot, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were " 'adequate to deserve encouragement to proceed further.' "

529 U.S. at 483-84 (quoting Barefoot, 463 U.S. at 893 n.4). Further, in order to obtain a certificate of appealability when dismissal is based on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

*Case No: 4:16-cv-00043-MW-CJK*

After review of the claims raised by the petitioner, the Court concludes that reasonable jurists would find it debatable whether the petition states a valid claim of the denial of a constitutional right.  Additionally, as noted above, the Eleventh Circuit itself has granted a certificate of appealability on this precise issue in Rogers.  Also, at least two circuits appear to conclude that state rules or statutes similar to Fla. R. Crim. P. 3.800(c) toll the one-year federal time limit under Wall v. Kholi, 562 U.S. 545 (2011).  Holmes v. Spencer, 685 F.3d 51 (1st Cir. 2012)(holding that a Massachusetts rule that allowed a judge to reduce a sentence  "if it appears that justice may not have been done" tolled the one-year time limit); Najera v. Murphy, 462 F. App'x 827, 830 (10th Cir. 2012)(holding that a Wyoming rule that allowed a court to reduce a sentence without having to show that the sentence was illegal tolled the one-year limit).   In other words, jurists of reason are currently debating whether the conclusion in Baker II and the procedural ruling made in the instant order are correct.  Therefore, the Court rejects the part of the Report and Recommendation denying a certificate of appealability.

Accordingly,

IT IS ORDERED:

1. The report and recommendation is **accepted in part and rejected in part**.

2. The Clerk shall enter judgment stating, "The Respondent's motion to dismiss, ECF No. 6, is **GRANTED**.  The petition for writ of habeas corpus, ECF No. 1, challenging Petitioner's judgment of conviction and sentence in *State of Florida v. Steven Eugene Turner*, Gadsden County Circuit Court Case No. 08-CF-404, is **DISMISSED with prejudice**.  A certificate of appealability is **GRANTED** on the following issue; namely, whether the District Court correctly dismissed Mr. Turner's § 2254 petition as untimely based on its determination that Mr. Turner's Fla. R. Crim. P. 3.800(c) motion was not a tolling motion under 28 U.S.C. § 2244(d)(2).

3. The Clerk shall close the file.

    **SO ORDERED on September 28, 2016.**

                                    <u>s/Mark E. Walker</u>
                                    **United States District Judge**